# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-02652-FMO (SK) | Date | April 2, 2020 |
|---|---|---|---|
| Title | Chris W. Kibunguchy v. Tylenol Corporation | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**        (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner Chris Kibunguchy is a California state parolee being treated at Atascadero State Hospital for his mental health. In his petition under 28 U.S.C. § 2254, Petitioner alleges that he is being forcibly medicated with a drug that has unwanted side effects. (ECF 1 at 3-5). The Court has no jurisdiction to address this claim for four reasons.

First, Petitioner names "Tylenol Corporation" as the respondent. But the respondent in a petition under § 2254 has to be the state official with custody of the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Unless that person is named, the Court lacks personal jurisdiction. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

Second, even if Petitioner cured this pleading defect with an amended petition, the Court would have jurisdiction under § 2254 only to decide if he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Yet Petitioner alleges no such federal basis for habeas relief. Indeed, all the pertinent civil commitment laws stem from California state statutes. *See* Cal. Penal Code §§ 2960—2981.

Third, even if Petitioner could recast his state law claims as cognizable federal habeas claims, the Court would still have no subject matter jurisdiction. Petitioner is not challenging the validity or duration of his civil commitment, which can be done through a § 2254 petition. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005). Instead, he is challenging the conditions of his confinement, that is, a forcible medication order. (ECF 1 at 5). But the proper method to do that is a civil lawsuit under 42 U.S.C. § 1983—not a habeas petition under § 2254. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc); *Hawes v. Grounds*, 2013 WL 1856506, at *1 (N.D. Cal. May 1, 2013); *Ari v. Lattimore*, 2010 WL 1239095, at *1 (E.D. Cal. Mar. 25, 2010).

Fourth and last, while the Court can sometimes convert a § 2254 petition into a § 1983 civil suit for the sake of judicial efficiency, it may do so only if the petition is "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-02652-FMO (SK) | Date | April 2, 2020 |
|---|---|---|---|
| Title | Chris W. Kibunguchy v. Tylenol Corporation | | |

relief." *Nettles*, 830 F.3d at 936 (cleaned up). But Tylenol Corporation is not only the wrong respondent here, it would be the wrong defendant in a converted civil rights case. *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). And it is unknown what relief Petitioner seeks. He alludes to wanting release from the Hospital (ECF 1 at 6, 11), but that is not the appropriate remedy for a forcible medication claim. *See Crawford v. Bell*, 599 F.2d 890, 892 (9th Cir. 1979) ("The appropriate remedy for such constitutional violations, if proven, would be a judicially mandated change in conditions and/or an award of damages, but not release from confinement."). If what Petitioner wants instead is equitable relief, he still has not explained what that relief should look like—whether it be no medication, a different drug, a lower dosage, or something else entirely. Indeed, Petitioner's entire claim is too perfunctory and conclusory to state a colorable cause of action under § 1983. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 8(a), 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So conversion to a civil rights suit would not be the way to preserve the Court's jurisdiction.[1]

For all these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **May 1, 2020**, why this petition should not be dismissed without prejudice for lack of jurisdiction. To discharge this order, Petitioner may do one of two things. First, he could voluntarily dismiss the petition (using the attached Form CV-09) and then file a civil rights complaint (using the attached Form CV-66). But if he does that, he must also either pay the full filing fee or file a request to proceed in forma pauperis (using the attached Form CV-60). Alternatively, Petitioner could voluntarily dismiss this action and then pursue his state remedies instead. Under California state law, he has the right to a hearing before the Board of Parole Hearings to contest his mental-health classification. *See* Cal. Penal Code § 2966(a). And if dissatisfied with the results of that hearing, he may petition a California state superior court to review the Board's adverse decision. *See* Cal. Penal Code § 2966(b). In that proceeding, he could seek appointment of counsel and demand a jury trial with a unanimous verdict based on proof beyond a reasonable doubt. *See id.* None of these procedural remedies is available in federal court.

WARNING: If Petitioner fails to file a notice of voluntary dismissal in order to exercise one of the two options above, or he otherwise fails to timely respond to this order explaining why it is wrong, this action may also be dismissed involuntarily for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1. Failure to keep the Court informed of any change in address may also lead to involuntary dismissal for failure to prosecute. *See* L.R. 41-6.

**IT IS SO ORDERED.**

---

[1] Such conversion would also be improper because Petitioner has not had a chance to give informed consent. *See Nettles*, 830 F.3d at 936. Federal courts require that because the differences between habeas petitions and civil rights actions may make conversion into a § 1983 suit "disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id.*